UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALBERTO FELIX PAULINO

                         Plaintiff,

        -against-

THE CITY OF NEW YORK, LIEUTENANT "JOHN" BROUGHTON, first name unknown, POLICE OFFICER "JOHN DOE 1", real name unknown, POLICE OFFICER "JANE DOE 2", real name unknown and POLICE OFFICER "JOHN DOE 3", real name unknown

                         Defendants.
------------------------------------------------------------------X

JUDGE MARRERO

**COMPLAINT**

**'07 CIV no.: 7223**

**JURY DEMAND**

RECEIVED AUG 14 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, by his attorneys, SOBEL, ROSS, FLIEGEL & SUSS, LLP, complaining of the Defendants, respectfully alleges, upon information and belief as follows:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the laws of The United States, particularly the Civil Rights Act, Title 42 U.S.C., §1983 and §1988 and the common law of The State of New York.

2. The jurisdiction of this Court is invoked under the provisions of title 28 U.S.C., §1331 and §1343.

3. Venue is placed in this district because it is the district the events complained of occurred.

### PARTIES

4. Plaintiff **ALBERTO FELIX PAULINO** at all times herein after mentioned is a citizen of the United States, resident of the County of Bronx, City and State of New York.

5. Defendant **THE CITY OF NEW YORK** is a municipal corporation duly incorporated under the laws of The State of New York.

6. That at all times herein after mentioned the Defendant **THE CITY OF NEW YORK** maintained a police department.

7. That Defendant **LIEUTENANT "JOHN" BROUGHTON** was a police officer duly appointed and acting as an officer of the aforementioned police department.

8. That Defendant **"JOHN DOE 1"**, white, male, somewhat heavy, and approximately 5'7" tall, was a police officer duly appointed and acting as an officer of the aforementioned police department.

9. That Defendant **"JANE DOE 2"**, white, female, and approximately 5'8" tall, was a police officer duly appointed and acting as an officer of the aforementioned police department.

10. That Defendant **"JOHN DOE 3"**, Latino, light skinned, somewhat overweight, and approximately 5'4" tall, was a police officer duly appointed and acting as an officer of the aforementioned police department.

## FACTS

11. Upon information and belief, on Friday, August 11, 2006, at approximately 5:00 p.m., plaintiff was present in the area common to the premises that he resided in, 2470 University Avenue, and adjacent premises 2460 University Avenue, Bronx, New York.

12. While the plaintiff was standing as aforesaid, he made two telephone calls on his cell phone.

13. As he was completing, or as he completed his second telephone call, several persons came into the common area from the sidewalk of University Avenue, and directly approached the plaintiff.

14. Plaintiff recognized such persons as apparently being members of The New York City Police Department by the badge that each carried on a "necklace" around their necks and by their mannerisms.

15. Defendant **POLICE OFFICER "JOHN DOE 1"**, without identifying himself, stated to the plaintiff to "let me see your phone", with which the plaintiff complied.

16. Defendant POLICE OFFICER "JOHN DOE 1" asked plaintiff questions regarding a person named Papito.

17. Plaintiff answered the questions without hesitation.

18. The three JOHN DOE police officers, individually and/or collectively, advised the plaintiff that they had a warrant for Papito and/or to search his residence.

19. Without being advised of any of his rights, without being advised that he was under arrest and the charges for which he was being arrested, the plaintiff was handcuffed.

20. Plaintiff was then led into 2460 University Avenue, the first floor, which was, allegedly, the apartment of Papito.

21. The door to the apartment had been broken into.

22. Plaintiff was led into the apartment and taken into the kitchen of said premises, wherein three persons were sitting on the kitchen floor in handcuffs.

23. The persons in handcuffs were Papito, another male named Diony and a third male named Milton.

24. During the time the plaintiff remained in the apartment, in the kitchen, police claimed to have found various illegal drugs in said apartment.

25. After approximately one and a half hours, the plaintiff and the other three handcuffed persons were removed from the apartment, led out of premises 2460 University Avenue, and were placed together in a single van of The New York City Police Department.

26. The plaintiff was led out of the premises and taken into the police van in full view of various neighbors and friends who reside at 2460 and/or 2470 University Avenue.

27. Plaintiff's mother, having been informed by a neighbor of the arrest, was outside in the common area between premises 2460 and 2470 University Avenue, when she was speaking with various police officers, and saw her son removed and placed into the police van.

28. Plaintiff and the other three arrested persons were taken to the 48th Precinct, 450 Cross Bronx Expressway, Bronx, New York 10457. Defendant had no reasonable grounds for believing the Plaintiff had committed or was committing a crime or an offense.

29. Plaintiff was searched, and his key, wallet and cell phone were removed and kept in custody.

30. After arriving at the 48th Precinct, photographs were taken of him, his belt was removed, his shoelaces were removed and he was placed in the same cell with the three other arrested persons.

31. Plaintiff was aware of his arrest, did not consent to the arrest, was never advised of his rights as a person under arrest, was never advised of the basis of his arrest, and was not given the opportunity to make any phone call.

32. Plaintiff's mother, Nestora Brito Paulino, his sister, Angeline Paulino and a neighbor, Geisel, were present at the 48th Precinct.

33. During this time, a police officer, name unknown, advised him that "it" would go easier on him if he would admit he was a "lookout" for Papito.

34. The plaintiff insisted he was not such a "lookout" and had done nothing wrong.

35. At approximately 7:00 p.m., the plaintiff was removed from the cell, handcuffs removed, his shoelaces, belt, keys and wallet returned, and he was told he was free to go. Plaintiff was not charged with having committing any crime or offense.

36. His mother, Nestora Brito Paulino, was advised by a police officer who seemed to be a supervisor, that the next time they would see Felix on the stairs of the building, he would be arrested and put away for a long time.

37. When his mother, Nestora Brito Paulino, asked for any kind of paperwork regarding the incident, she was advised that there was none there.

38. When the plaintiff asked for the return of his cell phone, he was denied its return, without reason.

39. Plaintiff left the 48th Precinct with his family and returned home.

40. On or about August 15, 2006, Nestora Brito Paulino lodged a complaint regarding the actions of the police officers above, and spoke with a woman named Delta Torres who assigned complaint no. 200610697.

41. The plaintiff's total time of confinement was approximately 2 hours.

42. On September 18, 2006, a Notice of Claim was filed against The City of New York.

43. On January 11, 2007, pursuant to the request of The City of New York, the plaintiff and his mother Nestora Brito Paulino were questioned by counsel for The City of New York at a G.M.L. Section 50-h hearing.

44. This action has been started within withing a year and ninety (90) days from the day of the incident upon which the claim is based.

### AS AND FOR A FIRST CAUSE OF ACTION

45. That Defendants, under color of law, and by virtue of their official position as detectives and/or police officers, maliciously, unlawfully, without probable cause and without warrant or any process of any Court arrested Plaintiff **ALBERTO FELIX PAULINO** and incarcerated him.

46. By reason of the foregoing, Plaintiff **ALBERTO FELIX PAULINO** was deprived of his right to be free, without Due Process of law, his right not to be deprived of life and liberty and to be free of unreasonable seizure, all of which are violations of his rights under the laws of the Constitution of The United States, in particular the Fourth, Fifth and Fourteenth Amendments thereof.

47. In preparing an arrest report, defendants, and/or their agents, servants, colleagues and superiors, falsified said report to state in the Omniform System-Arrests form, under "details," that "at

TPO pursuant to search warrant # 451 of Bronx County, the DEFT was found to be in possession of a quantity of controlled substance."

48. Defendants, and/or their agents, servants, colleagues and superiors, knew that the plaintiff was never in possession of any controlled or illegal substance, either on his person or in any other place that he had control of.

49. As a result of their actions, Defendants violated Plaintiff **ALBERTO FELIX PAULINO** 's Civil Rights pursuant to §42 U.S.C., 1983.

50. As a result of the foregoing, Plaintiff has been caused to sustain damages in the sum of $100,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

51. Plaintiff **ALBERTO FELIX PAULINO** repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

52. That at all times herein after mention Defendant **THE CITY OF NEW YORK** was negligent in training and supervision of its police officers in the fundamental laws of arrest.

53. As a direct and proximate cause of aforesaid omissions, the Plaintiff **ALBERTO FELIX PAULINO** was falsely arrested and falsely imprisoned.

54. As a result of the foregoing, Plaintiff has been caused to sustain damages in the sum of $100,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

55. Plaintiff **ALBERTO FELIX PAULINO** repeats, reiterates and realleges each and every allegation set forth in paragraphs contained herein, as though set forth herein at length.

56. Defendant **CITY OF NEW YORK** was negligent, careless and reckless in retaining

said police officers knowing of prior actions were outside of police procedure and policies, thereafter receiving complaints about individual police officers regarding their conduct on the job prior to the within arrest and incarceration of the Plaintiff **ALBERTO FELIX PAULINO**.

57.   As a result of the foregoing, Plaintiff **ALBERTO FELIX PAULINO** was caused to sustain damages in the sum of $100,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

58.   Plaintiff **ALBERTO FELIX PAULINO** repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

59.   That the individual Defendants committed battery and assault upon his person by touching him, handcuffing him and moving him, all without his consent.

60.   As a result of the foregoing, Plaintiff was damaged in the sum of $100,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION

61.   Plaintiff **ALBERTO FELIX PAULINO** repeats, reiterates and realleges each and every allegation set forth above in paragraphs contained herein, as though set forth herein at length.

62.   Upon being released from custody of the defendants, plaintiff made a demand for a return of his cell phone which had been taken from him.

63.   Despite plaintiff having done nothing illegal, despite the plaintiff not being charged with commission of any crime of any sort, despite the fact that his cell phone was legal and was owned by him, despite his demand for return of same, said cell phone was not returned.

64. The cell phone had been purchased approximately two years prior to the date of this event for approximately $100.00.

65. Upon information and belief, its replacement value may be up to $200.00.

66. To use the cell phone, the plaintiff purchased on a regular basis a $20.00 card.

67. As a result of the foregoing, Plaintiff, has been damaged in the sum of $220.00.

WHEREFORE Plaintiff **ALBERTO FELIX PAULINO** requests judgement against the Defendants and each of them, for each of the four Causes of Action against the individually named Defendants, for an amount of $100,000.00 for each of the four Causes of Action plus $220.00 for the Fifth Cause of Action, and attorneys fees, pursuant to §42 USC 1988, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 7, 2007

_____
SHERWIN A. SUSS (SS6017)
SOBEL, ROSS, FLIEGEL & SUSS, LLP
Attorneys for Plaintiff
150 Broadway, Suite 1206,
New York, New York 10038
(212) 233-0350