UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X

ALBERTO FELIX PAULINO,

                                 Plaintiff,

                -against-

CITY OF NEW YORK, LIEUTENANT "JOHN"
BROUGHTON, first name unknown, POLICE OFFICER
"JOHN DOE 1", real name unknown, POLICE OFFICER
"JOHN DOE 2", real name unknown, POLICE OFFICER
"JOHN DOE 3", real name unknown

                                 Defendants.

-------------------------------------------------------------------------- X

**ANSWER OF DEFENDANT
CITY**

07 Civ. 7223 (VM)

JURY TRIAL DEMANDED

       Defendant City of New York ("City") by its attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, for its answer to the complaint, respectfully

alleges, upon information and belief, as follows:[1]

       1.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiff purports to proceed as stated therein.

       2.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3.      Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiff purports to base venue as stated therein.

       4.      Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph "4" of the complaint.

       5.      Admits the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief, defendant Lieutenant Broughton has not been properly served
in this matter, and therefore, is not a defendant at this time.

6.      Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admits that defendant Broughton is employed by the City of New York as and NYPD Lieutenant.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8."

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.      Denies knowledge or information sufficient to form a  belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admits that plaintiff was arrested.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Denies the allegations set forth in paragraph "42"of the complaint, except admits that a document purporting to be a notice of claim was received by the City of New York on September 18, 2007.

43.     Denies knowledge or information sufficient to form a  belief as to the truth ofthe allegations set forth in paragraph "43" of the complaint, except admits that a 50-h hearing was conducted.

44.     Denies the allegations set forth in paragraph "44" of the complaint, except admits that plaintiff filed the complaint on August 14, 2007.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     Denies the allegations set forth in paragraph "46" of the complaint.

47.     Denies the allegations set forth in paragraph "47" of the complaint.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

49.     Denies the allegations set forth in paragraph  "49" of the complaint.

50.     Denies the allegations set forth in paragraph "50" of the complaint.

51.     In response to the allegations set forth in paragraph "51" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint.

54.     Denies the allegations set forth in paragraph "54" of the complaint.

55.     In response to the allegations set forth in paragraph "55" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

56.     Denies the allegations set forth in paragraph "56" of the complaint.

57.     Denies the allegations set forth in paragraph "57" of the complaint.

58.     In response to the allegations set forth in paragraph "58" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

59.     Denies the allegations set forth in paragraph "59" of the complaint.

60.     Denies the allegations set forth in paragraph "60" of the complaint.

61.     In response to the allegations set forth in paragraph "61" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63.     Denies the allegations set forth in paragraph "63" of the complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67.     Denies the allegations set forth in paragraph "67" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

68.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

69.     Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant City.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71.     Punitive damages cannot be assessed against defendant City.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

72.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

73.     Plaintiff provoked any incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

74.     There was probable cause for plaintiff's arrest and detention.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

75.     This action may be barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

76.     This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**WHEREFORE,** defendant City request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           November 16, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant City
100 Church Street, Room 3-153
New York, New York 10007
(212) 788-1298


By:              /S/
           Douglas W. Heim (DH 5238)
           Assistant Corporation Counsel

## DECLARATION OF SERVICE BY MAIL

        I, Douglas W. Heim, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on November 16, 2007, I served the annexed Answer to Plaintiff's Complaint upon the following plaintiff's counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said plaintiff at the address set forth below, being the address designated by said plaintiff for that purpose:

    Sherwin A. Suss, Esq.
    SOBEL, ROSS, FLIEGEL & SUSS, LLP
    150 Broadway, Suite 1206
    New York, New York 10038

Dated:      New York, New York
           November 16, 2007

                                     /S/
                                Douglas W. Heim
                                Assistant Corporation Counsel